# Supreme Court of Florida

No. SC2024-0572

## IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE.

October 2, 2024

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a report proposing amendments to Florida Rules of Juvenile Procedure 8.240 (Computation, Continuance, Extension, and Enlargement of Time), 8.315 (Arraignments and Prehearing Conferences), and 8.510 (Advisory Hearing and Pretrial Status Conferences).[1] The Committee, by a vote of 26-0-0, approved the amendments to rule 8.240, and by a vote of 25-0-2, approved the amendments to rules 8.315 and 8.510. The Florida Bar's Board of Governors unanimously voted to recommend approval of the amendments. Before filing its report with the Court, the Committee

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

published its proposals for comment in *The Florida Bar News*. No comments were received by the Committee. The Court published the Committee's proposals in the June 1, 2024, edition of *The Florida Bar News*. No comments were received.

After considering the Committee's proposals, we adopt the amendments as proposed. In general, the amendments rephrase the rules for clarity and the new language will help to make the rules more easily understood. In addition, editorial changes are made throughout the rules in accord with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Oct. 24, 2022).

Rule 8.240(b) (Enlargement of Time) is amended by reorganizing the circumstances for enlarging a deadline into two subdivisions rather than as provided in one paragraph.

Rules 8.315(c) and 8.510(b), because both govern pretrial conferences—one for dependency and the other for involuntary termination of parental rights, respectively—are amended to align their structure and formatting and to provide that the same matters to be determined are separately listed in both rules.

Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring, while deleted language is indicated by struck-through type. The amendments to the rules shall become effective on January 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Sarah J. Rumph, Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Cheo A. Reid, Past Chair, Juvenile Court Rules Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**APPENDIX**

**RULE 8.240.    COMPUTATION, CONTINUANCE, EXTENSION, AND ENLARGEMENT OF TIME**

**(a)**    [No Change]

**(b)    Enlargement of Time.** When ~~by~~ these rules, ~~by~~ a notice given under them, or ~~by order of~~ a court order ~~an act is~~ required or allowed an act to be done at or within a specified time, the court has discretion to enlarge the time or excuse an otherwise untimely act only for good cause ~~shown~~, within the limits established by law, and subject to ~~the provisions of~~ subdivision (d) of this rule, ~~may, at any time, in its discretion (1) with or without notice, order the period enlarged if~~as follows:

(1)    If a request for enlargement is made before the expiration of the period originally prescribed or as extended by a previous order, the court may grant the request with or without notice.

(2)    If the time has expired, the court may permit the act to be done outside the specified time, if the movant gives ~~or (2) on motion made and~~ notice ~~after the expiration of the specified period permit the act to be done when the failure to act was the result of~~and demonstrates excusable neglect.

However, ~~T~~the court may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for new trial, for rehearing, or vacation of judgment, or for taking an appeal. This rule does not apply to shelter hearings.

**(c)**    [No Change]

**(d)    Continuances and Extensions of Time.**

(1)    A motion for continuance, extension, or waiver of the time standards provided by law and found in this rule must be in writing and signed by the requesting party. On a showing of good

- 4 -

cause, the court must allow a motion for continuance or extension to be made ~~ore tenus~~orally at any time during the proceedings.

(2)-(5)     [No Change]

**RULE 8.315.     ARRAIGNMENTS AND ~~PREHEARING~~PRETRIAL STATUS CONFERENCES**

**(a)     Arraignment.**

(1)     Before the adjudicatory hearing, the court must conduct a hearing to determine whether an admission, consent, or denial to the petition ~~shall~~must be entered, and whether the parties are represented by counsel or are entitled to appointed counsel as provided by law.

(2)     If an admission or consent is entered and no denial is entered by any other parent or legal custodian, the court must enter a written order finding dependency based on the allegations of the dependency petition by a preponderance of the evidence. The court ~~shall~~must schedule a disposition hearing to be conducted within 15 days. If a denial is entered, the court ~~shall~~must set an adjudicatory hearing within the period of time provided by law and appoint counsel when required.

(3)     If one parent enters an admission or consent and the other parent who is present enters a denial to the allegations of the dependency petition, the court must enter a written order finding dependency based on the allegations of the dependency petition that pertain to the parent who enters an admission or consent by a preponderance of the evidence. The court must then reserve ruling on whether the parent who entered the denial contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child until the parent enters an admission or consent to the dependency petition, the court conducts an adjudicatory hearing, or the issue is otherwise resolved.

(4)    If one parent enters an admission or consent and the identity or location of the other parent is unknown, the court must enter a written order finding dependency based on the allegations of the dependency petition by a preponderance of the evidence. The court must then reserve ruling on whether the parent whose identity or location is unknown contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child until the parent enters an admission or consent to the dependency petition, the court conducts an adjudicatory hearing, or the court proceeds as provided by law regarding a parent whose identity or location is unknown.

(5)    [No Change]

**(b)    Withdrawal of Plea.** The court may for good cause, at any time before the beginning of a disposition hearing, permit an admission of the allegations of the petition or a consent to dependency to be withdrawn and, if an adjudication has been entered, set aside the adjudication. In a subsequent adjudicatory hearing the court ~~shall~~must disregard an admission or consent that has been withdrawn.

**(c) ~~Prehearing~~ Pretrial Status Conference.** Before any adjudicatory hearing, the court may set or the parties may request that a ~~prehearing~~ pretrial status conference be held to determine:

(1) the order in which each party may present its case ~~witnesses or evidence, the order in which cross-examination and argument shall occur,~~;

(2) which witnesses will ~~be physically present~~ testify in person and which will ~~appear~~ testify via communication technology~~,~~;

(3) how a remote witness's identity will be confirmed~~,~~;

(4) any stipulations entered into by the parties; and

(5) any other matters that may aid in the conduct of the adjudicatory hearing ~~to prevent any undue delay in the adjudicatory hearing. The court may also enter findings on the~~

- 6 -

~~record of any stipulations entered into by the parties and consider any other matters that may aid in the conduct of the adjudicatory hearing.~~

**(d)** [No Change]

## Committee Notes

[No Change]

## RULE 8.510.   ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES

**(a)** [No Change]

**(b) Pretrial Status Conference.** Not less than 10 days before the adjudicatory hearing on a petition for involuntary termination of parental rights, the court must conduct a pretrial status conference to determine:

(1) the order in which each party may present its case ~~witnesses or evidence, the order in which cross-examination and argument must occur,~~;

(2) which witnesses will ~~be physically present~~ testify in person and which will ~~appear~~ testify via ~~audio-video~~ communication technology~~,~~;

(3) how a remote witness's identity will be confirmed;

(4) any stipulations entered into by the parties; and

(5) any other matters that may aid in the conduct of the adjudicatory hearing.

**(c)** [No Change]